UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL ORNELAS,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil No.:  17cv02410 JAH<br>Criminal No.:  13cr03313-3 JAH<br><br>**ORDER DENYING MOTION TO VACATE** |

　　　Petitioner Israel Ornelas, proceeding *pro se*, filed a motion challenging his sentence under 28 U.S.C. section 2255. Respondent filed a response. After a thorough review of the record and the parties' submissions, and for the reasons set forth below, this Court DENIES Petitioner's motion.

## BACKGROUND

　　　On November 5, 2013, Petitioner was charged with knowingly and intentionally conspiring to distribute 5 grams and more of methamphetamine in violation of Title 21 United States Code sections 841(a)(1) and 846 (count 3); and knowingly and intentionally distributing 5 grams and more of methamphetamine in violation of Title 21 United States Code section 841(a)(1) and Title 18 United States Code section 2 (count 4). Indictment (Doc. No. 1). On August 21, 2014, Petitioner pled guilty to count 4 of the indictment pursuant to a plea agreement. *See* Doc. Nos. 150, 151. In the plea agreement, the

parties agreed to a base offense level of 28, -2 levels for safety valve, and -3 levels for acceptance of responsibility. Plea Agreement at 8 (Doc. No. 151). The parties agreed the government would recommend a sentence within the advisory guideline range as calculated by the government. *Id*. at 9.

On October 7, 2014, Petitioner was arrested by the Drug Enforcement Agency ("DEA") when agents executing a search warrant discovered Petitioner in possession of methamphetamine at his home. *See* Doc. No. 169. On October 17, 2014, the Honorable David H. Bartick, United States Magistrate Judge, issued a warrant for Petitioner's arrest for a pretrial violation based upon his arrest by the DEA. *See* Doc. No. 170. Petitioner failed to appear at the status hearing regarding his initial appearance on the violation. *See* Doc. No. 171. On November 14, 2014, the government moved to forfeit Petitioner's bond. This Court sentenced Petitioner to 120 months imprisonment followed by eight years of supervised release and granted the government's motion to forfeit the bond. Judgment (Doc. No. 186). Petitioner failed to appear at the sentencing hearing. *See* Doc. No. 185.

Petitioner, through counsel, filed a notice of appeal. *See* Doc. No. 180. On the government's motion, the Court granted Judgment on Default against Petitioner in the amount of $25,000 and against the surety in the amount of $5,000. *See* Doc. No. 225. Petitioner was arrested on March 11, 2015. *See* Doc. No. 222. On July 25, 2016, the Ninth Circuit Court of Appeals issued a mandate dismissing the appeal. *See* Doc. No. 259. Thereafter, Petitioner filed the instant motion seeking to vacate or modify his sentence.

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds: (1) the sentence "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

//
//

# DISCUSSION

Petitioner moves to vacate or modify his sentence asserting he was denied effective assistance of counsel and court errors.

## I. Ineffective Assistance of Counsel

Petitioner argues defense counsel's failure to suggest circumstances that raise plausible doubt that Petitioner's absence at the sentencing hearing was voluntary caused the district court to fail to meet critical requirements and violated Rule 32. Petitioner maintains the record demonstrates he was absent from sentencing because of his ADHD, severe depression, mental health issues and heavy use of methamphetamine. He contends Counsel's failure to bring this information to the Court is ineffective representation, violated his constitutional rights under the confrontation clause, due process clause under the Fifth and Fourteenth Amendments, and his privilege to be present at his sentencing. He further contends counsel's conduct caused the Court's failure to explore the record for any serious questions about whether Petitioner's absence was knowing and voluntary and violated Rule 32's requirement to verify that Petitioner and his counsel read and discussed the presentence report.

Additionally, Petitioner argues counsel was lost and unable to effectively represent him during sentencing. He maintains counsel did not prepare or file a sentencing memorandum prior to the sentencing hearing, did not address a letter from Petitioner's co-defendant and admitted he could not effectively represent Petitioner at the hearing. Thus, Petitioner argues, the government's contentions were unchallenged at the hearing.

Petitioner further argues a conflict of interest with his attorney, caused by Petitioner's inability to pay the agreed upon fee, adversely affected counsel's performance. He maintains his attorney was focused on the remaining balance due and communication with his attorney completely broke down.

Respondent argues defense counsel was not ineffective for failing to speculate about the reason for Petitioner's absence. Respondent maintains nothing suggests defense counsel knew Petitioner absconded due to use methamphetamine and nothing in

Petitioner's affidavit indicates that between October 8, 2014, the date of Petitioner's last contact with the Pretrial Services Officer, and March 11, 2015, the date of Petitioner's arrest on the Court's warrant, defense counsel nor anyone else knew where Petitioner was or what he was doing.  Respondent contends Petitioner's proposal that defense counsel should have speculated that Petitioner was absent due to a prolonged drug binge would have been reckless because it would have confirmed the recidivist concerns the government already raised and would have undermined arguments in favor of Petitioner's rehabilitation.  By objecting to the *in absentia* sentencing and seeking a continuance, Respondent argues, defense counsel did all he could and, in acknowledging defense counsel's objections during the hearing, the Court already found no ineffectiveness.

Furthermore, the government maintains drug addiction does not render an act involuntary, as a matter of law.  Therefore, any argument that Petitioner's heavy use of methamphetamine caused his absence to be involuntary would be futile.

Even if the Court concluded Petitioner's months-long methamphetamine binge was involuntary, Respondent argues the petition still fails because the mandatory-minimum sentence Petitioner received was the only possible result.  The best Petitioner could have hoped for, according to Respondent, is to delay sentencing.

Respondent also argues Petitioner waived the right to be present at sentencing, when he absconded, and all the rights that follow from that right and there was nothing his attorney could do to fix the damage caused by Petitioner forfeiting his rights.  Respondent maintains defense counsel gathered letters of support and other documents related to the sentencing hearing in advance of the hearing, but he could not know, in good faith, what representations to make to the Court on Petitioner's behalf because he was unable to contact him.  In addition, the letter Petitioner asserts is from his co-defendant was determined to be a forgery.  Respondent argues defense counsel's strategy to seek to continue the hearing was reasonable.

Respondent also argues a dispute over legal fees does not constitute ineffective assistance of counsel and defense counsel declared, under penalty of perjury, that

notwithstanding Petitioner's failure to pay his fee, he "represented [Petitioner] with the same competence as all [his] other clients in [his] approximately 45 years of practicing criminal law in this district."  Gellar Decl. ¶ 12.

In reply, Petitioner maintains his counsel's declaration demonstrates he was a heavy user of methamphetamine and attending mental health classes and argues this supports that he was incapable of exercising his own free will to waive his right to be present at his hearing.  He argues his absence from his sentencing due to his methamphetamine use is not the same as someone committing a crime due to an addiction to methamphetamine.  He maintains the Ninth Circuit addressed defense counsel's failure to suggest circumstances that raise a plausible doubt that his absence was voluntary and he contends counsel was required to suggest circumstances of which he had knowledge that raise a plausible doubt of Petitioner's absence being voluntary.  Petitioner also suggests that the prejudice potentially caused by counsel's speculation about his absence would not be any more prejudicial than the sentence he received.  He also disputes that the letter from his co-defendant that he provided his attorney was forged.

The Sixth Amendment to the Constitution provides that every criminal defendant has the right to effective assistance of counsel.  To sustain a claim of ineffective assistance, a petitioner has the burden of showing (1) that his or her defense counsel's performance was deficient, and (2) that the deficient performance prejudiced his or her defense.  *Strickland v. Washington*, 466 U.S. 668 (1984). at 690-92; *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995).  Petitioner must prove both elements.  The court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial.  *Strickland*, 466 U.S. at 697.  The *Strickland* test applies to federal collateral proceedings.  *Id*. at 697.  Furthermore, the Ninth Circuit has applied the *Strickland* standard to claims of ineffective assistance of counsel during plea negotiations.  *Washington v. Lampert*, 422 F.3d 864, 871-72 (9th Cir. 2005).

To satisfy the deficient performance prong of the *Strickland* test, a petitioner must show that his counsel's conduct was not "within the range of competence demanded of

attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).  There is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689.  The performance inquiry "must be whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688.

Petitioner contends his counsel was deficient in failing to inform the Court of circumstances that raise plausible doubt that his absence from the sentencing hearing was not voluntary although counsel knew he suffers from ADHD and mental health issues and has an addiction to methamphetamine.  Under Federal Rule of Criminal Procedure 43, a defendant waives his right to be present at his sentencing hearing when he or she is voluntarily absent.  FED.R.CRIM.P. 43(c)(1)(B).  While counsel was aware of Petitioner's addiction and mental health issues, Petitioner presents no evidence that defense counsel knew his absence was a result of his drug use or mental health issues.  Petitioner's own declaration demonstrates he had no contact with his attorney since before his arrest by DEA agents.  Furthermore, the information regarding Petitioner's drug use and mental health issues was part of the record of the case and included in sentencing documents submitted to the Court in advance of the hearing.  Petitioner's suggestion that defense counsel should have speculated that Petitioner's absence was the result of his methamphetamine addiction and shared this with the Court, without having an opportunity to confer with Petitioner, could have been detrimental.

Additionally, defense counsel explained he did not file sentencing documents because Petitioner's absence prevented him from conferring with Petitioner and he did not want to be ineffective.  Counsel moved to continue the sentencing hearing based upon his inability to review the presentence report with Petitioner and effectively represent Petitioner at the hearing.  Reporter's Transcript ("RT") 2:19-3:25 (Doc. No. 241).  There is no indication counsel failed to set forth any argument at sentencing because of a dispute over his fee.  The Court found it appropriate to sentence Petitioner *in absentia* based upon

the record of the case[1], preserved defense counsel's objection and determined there was no ineffectiveness. *Id*. 3:18-25; 7:15-20.

The Court finds defense counsel's request to continue the hearing and failure to speculate as to why Petitioner was absent was reasonable under the circumstances. Accordingly, Petitioner fails to demonstrate his attorney's performance was deficient and his motion based upon ineffective assistance of counsel is DENIED.

## II. Court Errors

Petitioner contends the district court failed under Rule 43(c)(1)(B) to indulge every reasonable inference against a finding of voluntary absence even though the record demonstrated Petitioner's mental health issues and drug addiction and failed to explore any serious question raised about whether Petitioner's absence was knowing and voluntary on the record. This claim was raised on direct appeal and rejected and, therefore, is not subject to review in a section 2255 motion. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985).

## III. Hearing

Petitioner seeks a hearing. This Court finds the record conclusively establishes Petitioner is not entitled to relief. Accordingly, there is no basis for an evidentiary hearing. *See* 28 U.S.C. § 2255(b).

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2254, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in Section 2255 cases such as this. A habeas petitioner may not appeal the denial of a Section 2255 habeas petition unless he obtains a certificate of appealability from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Asrar*, 116 F.3d 1268, 1269-70 (9th Cir. 1997) (holding that district courts retain authority to issue

---

[1] The Court noted further evidence of Petitioner's intent to abscond and not appear in the sealed record the Court reviewed during the hearing. RT 7:15-20.

certificates of appealability under AEDPA).  A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To meet this threshold showing, a petitioner must show that: (1) the issues are debatable among jurists of reason, (2) that a court could resolve the issues in a different manner, or (3) that the questions are adequate to deserve encouragement to proceed further.  *Lambright v. Stewart*, 220 F.3d 1022, 1025-26 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473 (2000)).

Based on this Court's review of the record, this Court finds no issues are debatable among jurists of reason and no issues could be resolved in a different manner.  This Court further finds that no questions are adequate to deserve encouragement to proceed further.  Therefore, Petitioner is not entitled to a certificate of appealability.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Petitioner's motion to vacate, set aside or correct his sentence (Doc. No. 263) is **DENIED**;

2. Petitioner's motion to appoint counsel (Doc. No. 265) is **DENIED**;

3. Petitioner's motion to expedite (Doc. No. 278) is **DENIED as moot**;

4. Petitioner's motion to extend time (Doc. No. 304) and motion for leave to file excess pages (Doc. No. 305) are **GRANTED**.

5. Petitioner is **DENIED** a certificate of appealability.

DATED:   September 27, 2021

_____
JOHN A. HOUSTON
United States District Judge